IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **METROHEALTH MEDICAL CENTER,** | ) |
| | ) Case No. 22-cv-1186 |
| **Plaintiff,** | ) |
| | ) Judge Dan Aaron Polster |
| v. | ) |
| | ) **OPINION & ORDER** |
| **NATIONAL HEALTH INSURANCE COMPANY,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

Before the Court is Defendant National Health Insurance Company's ("NHIC") Motion to Dismiss for Failure to State a Claim (the "Motion"). ECF Doc. 5. For the following reasons, the Motion is GRANTED.

### BACKGROUND[1]

Plaintiff MetroHealth Medical Center ("MetroHealth") has brought this lawsuit to recover payment for treatment services rendered to one NHIC's insureds, T.H.[2] ECF Doc. 1-2 at ¶¶ 1-5, 6, 9. In August 2017, MetroHealth billed NHIC for T.H.'s treatment services, and the total billed amount was $306,659.54. *Id.* ¶ 9. Thereafter, in March 2018, NHIC indicated that it had already paid $86,130.17 for this claim, but MetroHealth disputed the alleged payment and requested a copy of the check. *Id.* ¶ 11. Nearly three years later, NHIC requested an itemized copy of T.H.'s bill from MetroHealth and then provided a denial of benefits letter on the grounds that the claim had been paid. *Id.* ¶¶ 12-13.

---

[1] Given the case's procedural posture, the Court takes the following background facts from the complaint (ECF Doc. 1) and assumes that the allegations asserted therein are true. *See Maclin v. Reliable Reports of Tex., Inc.*, 314 F. Supp. 3d 845, 851 (N.D. Ohio 2018).

[2] Because this case involves confidential health information, the Court will refer to the insured by her initials.

NHIC now seeks dismissal of the lawsuit on the grounds that MetroHealth failed to state claim. *See generally* ECF Doc. 5-1. MetroHealth has opposed the Motion, and NHIC filed a reply brief in support of its request for dismissal. ECF Docs. 6, 7. The Court has reviewed the parties' briefing and now concludes that dismissal is appropriate for the following reasons.

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the district court's function is to test the legal sufficiency of the complaint. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). A district court, thus, must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Shoup v. Doyle*, 974 F. Supp. 2d 1058, 1071 (S.D. Ohio 2013) (citing *Handy–Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012)). However, the court has no obligation to accept legal conclusions as true. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002) Therefore, to survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## ANALYSIS

This case is unusual because MetroHealth's complaint does not assert any particular cause of action against NHIC or otherwise identify the source of NHIC's alleged obligation to pay MetroHealth for T.H.'s outstanding bill. *See generally* ECF Doc. 1-2. Instead, the complaint simply requests that the Court order NHIC to pay the entire billed amount with interest. *Id.* at 2. Accordingly, the Court can merely glean the two possible sources of NHIC's obligation, namely T.H.'s insurance policy or an independent agreement between MetroHealth and NHIC.

To the extent that MetroHealth's claim is premised upon an obligation arising out of T.H.'s insurance policy with NHIC, the Court agrees with NHIC that dismissal is appropriate for two

reasons. First, as NHIC has correctly stated, a medical provider must obtain an assignment of benefits to enforce a health insurance policy because, otherwise, the provider lacks privity. ECF Doc. 5-1 at 3 (citing *Brown v. BlueCross BlueShield of TN, Inc.*, 827 F.3d 543, 545-46 (6th Cir. 2016)); *accord Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1277 (6th Cir. 1991). However, MetroHealth has neglected to allege that it obtained a valid assignment of benefits from T.H. *See generally* ECF Doc. 1-2. Given MetroHealth bears the burden of pleading facts necessary to show jurisdiction, the failure to allege a valid assignment means that MetroHealth lacks standing. *See Warth v. Seldin*, 422 U.S. 490, 518 (1975). Second, even if MetroHealth had obtained an assignment of benefits from T.H., the insurance policy states that any legal action must be instituted within three years after the proof of loss was required to be submitted,[3] and this contractual limitation is enforceable under Ohio law. ECF Doc. 5-2 at 38; *see also Sarmiento v. Grange Mut. Cas. Co.*, 835 N.E.2d 692, 697 (Ohio 2005). Thus, the latest date by which MetroHealth could have arguably brought this action was August 15, 2020, but this suit was filed well past the contractual limitations period in June 2022.

Moreover, MetroHealth's arguments about the insurance policy are unsupported by law. MetroHealth first argues that NHIC waived the assignment of benefits requirement by corresponding with MetroHealth about the claim without ever raising this issue, but MetroHealth does not cite any case to support its argument that claim correspondence amounts to waiver. *See* ECF Doc. 6 at 1-2. Thus, the Court can discern no basis to allow MetroHealth to avoid the well-settled principle that a medical provider lacks standing to enforce an insurance policy. MetroHealth's second argument fares no better: MetroHealth claims it could not file a lawsuit until

---

[3] The Court may consider the terms of T.H.'s insurance policy because, although it was not appended to the complaint, it is integral to MetroHealth's request for relief and MetroHealth has not indicated that the policy submitted with the Motion is not genuine. *See Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 797 (6th Cir. 2012).

a final denial was issued, but the express terms of T.H.'s policy state that the contractual limitation period is triggered when the covered loss occurs. ECF Doc. 5-2 at 38. Thus, MetroHealth cannot rewrite the terms of the policy while simultaneously seeking payment under it.

To the extent that MetroHealth is seeking payment from NHIC under an independent agreement, the Court again concludes that dismissal is appropriate. The complaint does not contain any allegations to suggest that an agreement exists between the two entities, whether express or implied. *See generally* ECF Doc. 1-2. While MetroHealth states in its response brief that it was "lead to believe throughout the process that NHIC was paying the claim," ECF Doc. 6 at 3, this information cannot prevent dismissal because: (1) it is not alleged in the complaint, and (2) it does not constitute the mutual assent necessary to create a contractual agreement. Accordingly, the allegations are insufficient to state a breach of contract claim, and dismissal under Rule 12(b)(6) is appropriate.

## CONCLUSION

Therefore, for the above-stated reasons, the Motion to Dismiss, ECF Doc. 5, is hereby **GRANTED**, and this matter is **DISMISSED**.

**IT IS SO ORDERED.**

**Date:** September 1, 2022

*/s/ Dan Aaron Polster*
**Dan Aaron Polster**
**United States District Judge**